## BANK OF LAWRENCEVILLE *v.* JONES.

An action for money alleged to have been paid by the plaintiff upon the defendant's order, and for the latter's use, is not sustained by evidence showing that no such order was ever given or paid.

Submitted June 20,—Decided July 20, 1901.

Complaint on account. Before Judge Winn. City court of Gwinnett. September 25, 1900.

*T. M. Peeples* and *C. H. Brand*, for plaintiff in error.
*N. L. Hutchins Jr.*, contra.

LUMPKIN, P. J.    An ordinary action upon an open account was brought by D. C. Jones against the Bank of Lawrenceville. The copy of the account attached to the plaintiff's petition was as follows:

"1899, Aug. 17.   Bank of Lawrenceville, Dr.     To D. C. Jones.
   "To balance due on Int. Rev. Stamps paid by D. C. Jones,
        as per order of Bank, June 27, 1898.............$20.00
   " Interest to date................................................   1.44
                                                              ─────────
                                            .                 $21.44."

The defendant answered, denying indebtedness to the plaintiff. It appeared at the trial that the bank addressed to H. A. Rucker, United States collector of internal revenue at Atlanta, Ga., a written order for revenue stamps of certain denominations therein designated. Accompanying this order was cash to the amount of $101.08. The evidence in behalf of the plaintiff showed that he was a clerk in the collector's office, and that in pursuance of his duties as such clerk he undertook to fill the order and transmit the stamps to the bank. The testimony introduced by him also tended to show that the order really covered stamps to the value of $121.08; that he by mistake forwarded to the bank stamps amounting in value to the sum last mentioned, and that he was subsequently required by the government to pay the shortage of $20. The evidence in behalf of the defendant tended to show that it actually received only $101.08 worth of stamps. There was a verdict for the plaintiff; a motion for a new trial was made by the bank, which was overruled, and it excepted. The sole question presented for our decision is whether or not the evidence, taken most favorably for the plaintiff, warranted the verdict. We are clearly of the opinion that it did not. The action was predicated upon the theory that the bank, being indebted to the government a balance of $20 for stamps sold and delivered to it, ordered or requested Jones to pay this balance; that he accordingly did so, and that the bank thus became indebted to him for money laid out and expended for its use and by its direction. His proof affirmatively showed that no such order was ever given or payment made, but that he improvidently sent to the bank stamps belonging to the United States government, which had not been paid for, and that it held him, in his capacity as a mere servant of its internal revenue collector, accountable for the consequences of his mistake. It is obvious, therefore, that there was a fatal variance between the allegata and the probata; and it follows that the trial judge erred in not setting the verdict aside.

*Judgment reversed. All the Justices concurring.*